UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS                                                      NO. 18-51

JOHN JONES                                                  SECTION M

**ORDER & REASONS**

Before the Court is a motion by defendant John Jones for compassionate release.[1] The United States of America (the "Government") responds in opposition.[2] Considering the parties' memoranda, the record, and the applicable law, the Court denies the motion.

I.  **BACKGROUND**

On June 29, 2018, Jones and several co-defendants were named in a third-superseding indictment filed in this Court charging them in count 1 with participating in a conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.[3] Jones was also charged in count 5 with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[4] Jones pleaded guilty to counts 1 and 5 of the third-superseding indictment on June 13, 2019.[5]

A presentence investigation report ("PSR") was prepared for Jones's sentencing hearing.[6] The report assessed Jones's adjusted offense level to be 29, and his criminal history category as IV, indicating a guideline sentencing range of 121 to 151 months' imprisonment.[7] Count 1 carried

---

[1] R. Doc. 997.
[2] R. Doc. 1001.
[3] R. Doc. 148.
[4] *Id.*
[5] R. Doc. 338.
[6] R. Docs. 536; 604.
[7] R. Doc. 536 at 32.

a statutory mandatory minimum term of 120 months' imprisonment.[8]  The PSR noted that Jones was diagnosed with renal failure in 2012.[9]  Jones filed a motion for a downward variance, arguing, in part, that a below-guidelines sentence was warranted because of his medical conditions, which included hypertension and end-stage renal disease that required thrice-weekly dialysis.[10]  In response, the Government pointed out that count 1 carried a 120-month mandatory minimum, but it did not oppose a downward variance to 120 months' imprisonment.[11]

After considering the PSR, the factors outlined in 28 U.S.C. § 3553, and Jones's medical condition as related in the PSR and his motion for a downward variance, the Court imposed a sentence of 120 months' imprisonment as to counts 1 and 5, to run concurrently.[12]  Jones has been in custody since April 5, 2018.[13]  He is currently housed at the Medical Center for Federal Prisoners in Springfield, Missouri.[14]  His projected release date is January 6, 2026.[15]

## II.   PENDING MOTION

Jones seeks compassionate release under the 18 U.S.C. § 3582, arguing that he has exhausted his administrative remedies with the Bureau of Prisons (the "BOP")[16] and that extraordinary and compelling circumstances – specifically, his medical condition – justify a sentence reduction.[17]  Jones indicates that he suffers from end-stage renal disease that requires several medications and thrice-weekly dialysis treatment.[18]  He contends that his condition is a

---

[8] *Id.*
[9] *Id.* at 29.
[10] R. Doc. 780.
[11] R. Doc. 781.
[12] R. Doc. 813.
[13] R. Doc. 536 at 3.
[14] R. Docs. 1001 at 2.
[15] *Id.*
[16] The Government does not dispute that Jones exhausted his administrative remedies.  *Id.* at 2 n.1.
[17] R. Doc. 997.
[18] *Id.* at 4.

terminal illness that hinders his ability to care for himself in prison.[19]  Jones further argues that the § 3553 factors favor release because he has "completed numerous [p]rograms offered by the [BOP] on his own free will."[20]

In opposition, the Government argues that a sentencing reduction is not justified considering Jones's participation in a wide-ranging drug conspiracy and his extensive criminal history, some of which occurred after he was diagnosed with renal failure.[21]  The Government also points out that Jones's behavior in prison has been less than exemplary considering that he was sanctioned twice in 2022 for possessing drugs or alcohol and for being in an unauthorized area.[22]  The Government further argues that Jones's medical condition does not amount to an "extraordinary and compelling reason" justifying early release.[23]  The Government maintains that Jones's medical condition has not changed since sentencing and that his condition was considered by the Court in fashioning an appropriate sentence, which involved a downward variance.[24]

### III.  LAW & ANALYSIS

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582." *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010).  Section 3582(c), as amended by the First Step Act, provides that "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a),[25] if 'extraordinary and compelling reasons warrant

---

[19] *Id.* at 5-6.
[20] *Id.* at 6-7.
[21] R. Doc. 1001 at 4-5.
[22] *Id.* at 5.
[23] *Id.* at 5-7.
[24] *Id.*
[25] Section 3553(a) provides that, upon consideration of "the nature and circumstances of the offense and the history and characteristics of the defendant," among other things, a "court shall impose a sentence sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, and provide just

such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Any reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The policy statement found in U.S.S.G. § 1B1.13 provides that, upon motion of the BOP director or the defendant made pursuant to § 3582(c)(1)(A), "the court may reduce a term of imprisonment … if, after considering the factors set forth in 18 U.S.C. § 3553(a), … the court determines that extraordinary and compelling reasons warrant the reduction; or the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison …." U.S.S.G. § 1B1.13(a)(1). The defendant must also not present a danger to any other person or to the community. *Id.* § 1B1.13(a)(2). The policy statement defines "extraordinary and compelling reasons" that may justify reducing a prison term as certain medical conditions, age, family circumstances, status as a victim of abuse while in custody, "other reasons," or an unusually long sentence under certain circumstances. *Id.* § 1B1.13(b). A medical condition might be sufficiently serious to warrant release when the defendant (1) has a terminal illness; (2) is suffering from a serious physical or medical condition or functional or cognitive impairment or is experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the defendant's ability to provide self-care within the facility and from which he is not expected to recover; (3) has a medical condition requiring long-term or specialized medical care that is not being provided and without which he is at risk of serious deterioration in health or death; or (4) is placed by an outbreak of infectious disease or a public health emergency at an increased risk (which cannot be adequately mitigated) of severe medical complications or death due to personal health risk factors. *Id.* §

---

punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(1)-(2).

1B1.13(b)(1). Age might justify a sentence reduction when a "defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* § 1B1.13(b)(2). Courts consider the portion of the sentence that the defendant has served in determining if the cited medical conditions are extraordinary and compelling. *United States v. Thompson,* 984 F.3d 431, 434-35 (5th Cir. 2021) ("The courts that granted compassionate release … largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns."); *United States v. Chehab*, 2021 WL 5313619, at *2 (5th Cir. Nov. 15, 2021) (same).

While Jones certainly suffers from a serious medical condition that *may* be terminal (namely, end-stage kidney disease that requires dialysis treatment), this is not a case that justifies early release. "[I]t is the actuality, not the risk, of terminal illness that makes a prisoner's circumstances extraordinary." *United States v. McMaryion*, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023). At sentencing, this Court considered Jones's end-stage renal disease in imposing the lowest sentence allowed by law, *i.e.*, the statutory mandatory minimum, which was a slight downward variance. Generally, a court will not grant compassionate release based on medical conditions that were already considered in fashioning a sentence because the § 3553(a) factors in such instances will be substantially the same as they were when the sentence was imposed. *See United States v. Thomas*, 2022 WL 296594, at *2 (3d Cir. Feb. 1, 2022) ("It was within the Court's discretion when weighing the § 3553(a) factors to find that [the defendant's] mental health concerns do not support an early release, especially because it already considered the same concerns when it initially sentenced [him]."). Jones does not identify any substantial changes in his medical condition since the time of sentencing that were not already considered or known to

the Court at the time of sentencing. Nor does he show that his condition is not being properly addressed in the prison. Indeed, the opposite is true. Although Jones references a kidney transplant as a potential treatment, he has not shown that he is a candidate for such treatment or that there is a viable match. Further, there is no proof that he is unable to care for himself in the institutional setting. Moreover, Jones makes no effort to satisfy any of the other factors articulated by the policy statement found in U.S.S.G. § 1B1.13.

Even if Jones's conditions were "extraordinary and compelling," a district court may deny a sentence reduction if the § 3553(a) sentencing factors outweigh any extraordinary and compelling reasons that may be present. *See* 18 U.S.C. § 3582(c)(1)(A). The defendant must prove that the § 3553(a) factors warrant release. *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021). Jones has failed in this respect. Jones's history and characteristics indicate that even in his reduced physical capacity, he is still a danger to the community considering that he has a lengthy criminal history and committed multiple serious crimes, including the instant offense, since he was first diagnosed with end-stage renal disease in 2012. Jones has not demonstrated to this Court that early release is warranted.

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Jones's motion for compassionate release (R. Doc. 997) is DENIED.

New Orleans, Louisiana, this 15th day of April, 2024.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE